Boardman, J.
When this case was before us in October, 1884, the court concurred in holding that the proceedings had upon the trial and in the judgment, as the same were returned to us, were irregular and unauthorized by law Follett, J., in his opinion, pointed out with clearness the defects, irregularities and inconsistencies of the prac'ice pursued, and concluded that there had been a mistrial requiring the reversal of the judgment and granting of a new trial, costs to abide the event.
The other members of the court thought that a resettlement of the case would enable the parlies to obviate the difficulties and secure a hearing on appeal upon the merits. A resettlement of the case was therefore ordered, but we regret to say no good result has come out of it. We have now a trial by a jury and a general verdict; a trial by the court and a decision of the whole case, we have a motion for a new trial; we have a special verdict as to the amount of damages, and the remainder of the questions reserved for future consideration by the court; we have a motion for a nonsuit made after a general verdict for the plaintiff which is denied, and leave granted to enter judgment upon the verdict, and, finally, “ on i.ling said pleadings and evidence, minutes of the court, and findi gs of the court on motion,” etc., judgment is ordered for plaintiff for equitable and legal relief, in an action brought to recover damages.
The only change in the case since it was last here is (1) the insertion of the minutes of the court, which show a general verdict for the plaintiffs, while the only question submitted (f. 153) was the difference between the purchase price of $4,500 and the fair market value of the property on the 12th of April, 1882, with interest on that difference from that day to the day of trial, (2) the grounds upon which the motion for a new trial was made. The judge certifies that no other changes were asked for by the counsel before him.
*881 The counsel in the ease have not followed the practice laid down by the Code, and we must set aside this judgment for the mistrial had and grant a new trial, when we may hope the errors and inconsistencies of the present trial may be avoided, and we may discover whether we are reviewing exceptions to the rulings of the court on the trial and in the charge, or exceptions to the decision of the court on a trial without a jury, whether the judgment is entered pursuant to the order (f. 198) and the general verdict (f. 872), or pursuant to the decision (f. 224, 225).
The judgment and order denying a new trial are reversed and a new trial granted, with costs to abide the event.